IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMM 2013-CCRE12 SUNCREST TOWNE CENTER DRIVE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM A. ABRUZZINO, an individual; and REBECCA A. ABRUZZINO, an individual, <br><br> Defendants. | Case No. |

## COMPLAINT

Plaintiff, COMM 2013-CCRE12 Suncrest Towne Center Drive, LLC ("*Plaintiff*"), for its Complaint against Guarantors (defined below), states as follows.

## NATURE OF THE ACTION

1. This is a breach of contract action against guarantors of a loan obligation. Despite their contractual obligations, those guarantors have failed to make payment of at least $18,822,851.95 which is presently due and owing to Plaintiff.

## PARTIES

2. Plaintiff is the holder of certain Loan Documents, defined below, that are the subject of this lawsuit.

3. Defendants, William A. Abruzzino and Rebecca A. Abruzzino (collectively, "*Guarantors*"), are guarantors of certain obligations relating to the Loan Documents, as further described below.

1

## JURISDICTION

4. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1332. Jurisdiction is proper under Section 1332 as set forth herein.

### Complete Diversity of Citizenship

5. Plaintiff is a Delaware limited liability company. Its citizenship is therefore based on the citizenship of each of its members.

6. Plaintiff's sole member is U.S. Bank National Association, as Trustee for the benefit of the Holders of COMM 2013-CCRE12 Mortgage Trust Commercial Mortgage Pass-Through Certificates (the "*Trust*").

7. The Trust is a "real estate mortgage investment conduit" created solely under the Internal Revenue Code, 26 U.S.C. § 860D, and whose citizenship is determined by the citizenship of its trustee. *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 180 F. Supp. 2d 465, 468–69 (S.D.N.Y. 2001); *see also Johnson*, 437 F. 3d at 899. U.S. Bank, N.A., a national banking association ("*U.S. Bank, N.A.*"), is the trustee of the Trust ("*Trustee*"). As a national banking association, U.S. Bank, N.A. is a citizen of the state where its main office is located, as designated in its articles of association. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). U.S. Bank, N.A.'s articles of association designate Ohio as its main office, and therefore the Trustee and Trust are citizens of Ohio.

8. Upon information and belief, Guarantors are individuals and citizens of Florida.

9. There is therefore complete diversity between the parties in that Plaintiff is a citizen of Ohio and, upon information and belief, Guarantors are citizens of Florida.

### Amount in Controversy

10. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

11. Venue in this District is proper pursuant to 28 U.S.C. §1391 because Guarantors consented by contract to venue in this Court.

12. Specifically, Section 6.3 of the Guaranty (defined below) provides:

> 6.3. **Governing Law; Submission to Jurisdiction**. This Guaranty shall be governed by and construed in accordance with the laws of the State of New York and the applicable laws of the United States of America. Any legal suit, action or proceeding against Lender or Guarantor arising out of or relating to this Guaranty may at Lender's option by instituted in any Federal or State court in the City of New York, County of New York, pursuant to Section 5-1402 of the New York General Obligations Law and Guarantor waives any objections which it may now or hereafter have based on venue and/or forum non conveniens of any such suit, action or proceeding, and Guarantor hereby irrevocably submits to the jurisdiction of any such court in any suit, action or proceeding.

## GENERAL ALLEGATIONS

### The Loan

13. On or about September 17, 2013, UBS Real Estate Securities, Inc. ("*Original Lender*") made a loan in the original amount of $15,470,000.00 (the "*Loan*") to Mountain Blue Hotel Group, LLC ("*Borrower*").

14. As evidence of the Loan, Borrower executed that certain Promissory Note dated September 17, 2013 in the original principal amount of $15,470,000.00 in favor of Original Lender (the "*Note*") along with that certain Loan Agreement dated September 17, 2013 between Borrower and Original Lender (the "*Loan Agreement*"). A true and correct copy of the Note and Loan Agreement are attached hereto as **Exhibits A and B**, respectively.

15. The Note and Loan Agreement are both governed by New York law. (Note Art. 9; Loan Agmt. § 11.3.)

16. In relevant part, and among other things, the Note provides that "[t]he Debt shall without notice become immediately due and payable at the option of Lender if any payment required in this Note is not paid on or prior to the date when due or if not paid on the Maturity Date or on the happening of any other Event of Default." (Note Art. 2.) In turn, the Loan Agreement sets forth the Borrower's Debt payment requirements, including that the Borrower had to make monthly debt service payments in the amount of $104,841.54 and, where provided for under the Loan Agreement, the payment of late charges, interest, and default interest. (Loan Agmt. §§ 2.2; 2.3.1.)

17. The Loan Agreement also provides that:

> Borrower shall pay or, if Borrower fails to pay, reimburse Lender upon receipt of notice from Lender, for all reasonable costs and expenses (including reasonable attorneys' fees and expenses) incurred by Lender in connection with . . . (v) enforcing or preserving any rights in response to third party claims or the prosecuting or defending of any action or proceeding or other litigation or otherwise, in each case against, under or affecting Borrower, this Agreement, any other Loan Document, the Property, or any other security given for the Loan; (vi) enforcing any obligations of, or collecting any payments due from, Borrower or Guarantor under this Agreement or the other Loan Documents or with respect to the Property . . .

(Loan Agmt. § 11.13(a).)

### The Deed of Trust And Assignment of Rents

18. As security for repayment of the Loan, Borrower executed that certain Deed of Trust and Security Agreement dated as of September 11, 2013, effective as of September 17, 2013 ("*Deed of Trust*") executed by Borrower in favor of David E. Thompson for the benefit of Original Lender. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit C**.

19. The Deed of Trust covers certain real and personal property commonly known as "Hilton Garden Inn Morgantown" located at 201 Memorial Highway at Sun Crest Town Center, Morgantown, West Virginia (the "*Property*").

20. Borrower also executed an Assignment of Leases and Rents dated September 17, 2013 ("*ALR*") in favor of Original Lender. A true and correct copy of the ALR is attached hereto as **Exhibit D**.

21. The Deed of Trust and ALR are both governed by New York law. (Deed of Trust, § 13.1; ALR § 5.5.)

22. In relevant part, Section 7.1 of the Deed of Trust provides that:

> Upon the occurrence and during the continuance of any Event of Default, Borrower agrees that Lender may, or acting through Trustee may, take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Borrower and in and to the Property, including, but not limited to, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Lender may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Lender or Trustee: (a) declare the entire unpaid Debt to be immediately due and payable. . . .

### The Guaranty Agreement

23. On or about September 17, 2013, Guarantors agreed to and entered into that certain Guaranty (the "*Guaranty*").

24. The Guaranty is governed by New York law. (Guaranty § 6.3.)

25. In relevant part, and among other things, the Guaranty provides that Guarantors "irrevocably and unconditionally guarantee[d] to Lender and its successors and assigns the payment and performance of the Guaranteed Obligations as and when the same shall be due and payable, whether by lapse of time, by acceleration of maturity or otherwise." A true and complete copy of the Guaranty is attached hereto as **Exhibit E**. (Guaranty § 1.1(a).)

26. Guaranteed Obligations are defined as, in relevant part, "from and after the date that any Springing Recourse Event occurs, payment of the entire Debt." (Guaranty § 1.1(b).) In turn, a "Springing Recourse Event" is defined to include the Borrower's voluntary filing of a bankruptcy petition. (Loan Agmt. § 11.22, p. 115.)

27. The Guaranty also provides that:

> In the event that Guarantor should breach of fail to timely perform any provisions of this Guaranty, Guarantor shall, immediately upon demand by Lender, pay Lender all costs and expenses (including court costs and attorneys' fees) incurred by Lender in the enforcement hereof or the preservation of Lender's rights hereunder, together with interest thereon at the Default Rate from the date requested by Lender until the date of payment to Lender.

(Guaranty § 1.7.)

28. The Note, Loan Agreement, Deed of Trust, ALR, Guaranty, and all other documents evidencing, securing, or relating to the Loan are sometimes collectively referred to herein as the "Loan Documents."

### Assignment Of The Loan Documents To Plaintiff

29. Original Lender has assigned the Note, Deed of Trust, and ALR to Plaintiff.

30. Plaintiff is therefore the assignee of Original Lender, and is entitled to enforce the Guaranty. (*See* Guaranty § 6.6.)

### Borrower's Bankruptcy Filings And Guarantors' Default

31. On or about September 13, 2017, Borrower filed a Chapter 11 Voluntary Petition for bankruptcy, captioned *In re Mountain Blue Hotel Group, LLC*, Case No. 1:17-bk-66051, in the United States Bankruptcy Court for the Northern District of Georgia (the "*First Bankruptcy Case*"). Borrower was dismissed from the First Bankruptcy Case on October 16, 2017, and Borrower's motion to reconsider that dismissal was denied on November 15, 2017.

32. On or about November 15, 2017, Borrower filed a second Chapter 11 Voluntary Petition for bankruptcy captioned *In re Mountain Blue Hotel Group, LLC*, Case No. 9:17-bk-09667, pending in the United States Bankruptcy Court for the Middle District of Florida (the "*Second Bankruptcy Case,*" and together with the First Bankruptcy Case, the "*Bankruptcy Cases*").

33. In addition, Borrower has defaulted under the Loan Documents by, among other things, failing to pay Property expenses as they come due and failing to provide Plaintiff with financial information despite Plaintiff's multiple requests.

34. The Borrower's Bankruptcy Cases constituted Springing Recourse Events under the Guaranty.

35. The Borrower's Bankruptcy Cases therefore triggered Guarantors' liability under the Guaranty for the entire Debt (as defined in the Loan Documents).

36. As a result of the above and other actions, all amounts due and owing under the Loan Documents have been accelerated and are immediately due and payable.

37. As a result of the above and other actions, Plaintiff has also been forced to pursue various court actions to protect the Property, including an action to appoint a receiver.

38. Plaintiff has incurred substantial attorneys' fees, costs, and other expenses in connection with those court actions and in enforcing the Guaranty.

39. Borrower has not repaid the amounts due and owing under the Loan Documents.

40. Guarantors have not repaid the amounts due and owing under the Loan Documents.

**The Amounts Due And Owing Under The Loan Documents And Guaranty**

41. At least $18,822,851.95 is currently due and owing under the Loan Documents, including the Guaranty, and the amounts due will continue to accrue through the date of a final judgment in this case.

### COUNT I

**(For Breach of Written Guaranty Against all Defendants)**

42. Plaintiff repleads, realleges, and incorporates herein by reference Paragraphs 1 through 41, inclusive, as though fully set forth herein.

43. The Guaranty is a valid guaranty agreement.

44. Borrower's Bankruptcy Cases constituted Springing Recourse Events and triggered Guarantors' liability for the entire Debt.

45. The Debt includes Plaintiff's substantial attorneys' fees, costs, and expenses which have been incurred and continue to accrue.

46. Guarantors have not paid the Debt or any of the other amounts due and owing by them under the Guaranty.

47. Guarantors have therefore failed to perform their obligations under the Guaranty.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order:

1. That Plaintiff be awarded the full amount of the Debt (*i.e.*, the amounts currently due under the Loan Documents), along with such other amounts that will continue to accrue through the entry of judgment in this case;

2. That Plaintiff be awarded reasonable attorneys' fees, costs, and expenses;

3. That Plaintiff be awarded its costs of suit; and

4. For such other and further relief as the Court deems just and proper.

DATED:  February 2, 2018

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF COMM 2013-CCRE12 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES**

By: /s/*Kevin P. Potere*
      One of Its Attorneys

KEVIN P. POTERE
**DUANE MORRIS LLP**
1540 Broadway
New York NY 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
Email: kpotere@duanemorris.com


ELINOR H. MURÀROVÀ (*prospective PHV*)
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6700
Facsimile: (312) 499-6701
Email:  ehart@duanemorris.com

MEAGEN E. LEARY (*prospective PHV*)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: meleary@duanemorris.com